IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05498-PAB

EDWARD ALBERTO DE JESU ULLOA MORA,

Petitioner,

v.

WARDEN, Aurora ICE Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Edward Alberto de Jesu Ulloa Mora's pro se[1] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 8.

## I. BACKGROUND[2]

Petitioner is a national of Costa Rica. Docket No. 1 at 12. His § 2241 petition raises two claims. *Id.* at 2, 5. In the first claim, petitioner brings a "Fifth Amendment due process challenge to continued immigration detention." *Id.* at 2. As support, he

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Respondent "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 8 at 1. Accordingly, the Court draws all facts from Mr. Ulloa Mora's petition.

alleges that ICE detained him on June 22, 2026 while he was at an office for fingerprint processing, and that he has remained detained at the Aurora immigration detention facility since that date. *Id.* at 5. Petitioner states that an "incident or case from 2008 surfaced during fingerprint processing," but he maintains that the matter was dismissed and that he has no criminal convictions. *Id.* at 5, 7. After being detained, petitioner attended a bond hearing before an immigration judge at which bond was denied, but the grounds for the denial are not available to him. *Id.* at 5. Petitioner also reports that he has an appeal pending before the Board of Immigration Appeals. *Id.* at 3, 5. In his second claim, petitioner states that he has diabetes and hypertension and that he experienced "an episode of illness while detained." *Id.* at 5. As relief, petitioner seeks immediate release from detention or, alternatively, a prompt and constitutionally adequate individualized custody determination. *Id.* at 4, 6.

As noted above, respondent "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 8 at 1. Instead, "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* According to respondent, "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 1-2 (emphasis in original) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Petitioner's first claim is that his continued detention by immigration officials violates his Fifth Amendment right to due process. Docket No. 1 at 5. Detaining a noncitizen raises due process concerns. *See generally Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Pursuant to *Mathews v. Eldridge*, 424 U.S. 319 (1976), a court considers the following factors in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

The second factor also favors petitioner, even though he has received a bond hearing. Petitioner alleges that he attended a bond hearing before an immigration judge, that bond was denied, and that the grounds for the denial are not available. Docket No. 1 at 5. The record does not show which party bore the burden of proof at that hearing. In the ordinary course, however, an immigration judge places the burden on the noncitizen to show that he merits release on bond. *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("The burden is on the alien to show to the satisfaction of the

Immigration Judge that he or she merits release on bond.”). It is therefore presumed that petitioner bore the burden at his bond hearing.

Courts in this District have consistently placed the burden on the government to justify a noncitizen’s continued detention at a bond hearing, and have concluded that doing so comports with due process. *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026); *see also Juarez v. Choate*, No. 24-cv-00419-CNS, 2024 WL 1012912, at *8 (D. Colo. Mar. 8, 2024) (concluding, where the noncitizen’s entitlement to a bond hearing arose from the Due Process Clause, that “placing the burden of proof on the government comports with due process requirements”). This Court has likewise required the government to bear the burden of justifying a noncitizen’s continued detention at a bond hearing. *Maldonado Ochoa v. Baltazar*, No. 26-cv-01449-PAB, 2026 WL 1045171, at *2 n.4 (D. Colo. Apr. 17, 2026). Respondent has not produced the immigration judge’s decision and does not identify the basis for the denial of bond. *See* Docket No. 8. Nor does respondent contend that petitioner presents a flight risk or danger to the community. *See Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor favors petitioner because “civil immigration detention, which is ‘nonpunitive in purpose and effect’ is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community”). On this record, the bond hearing did not adequately protect against the risk of an erroneous deprivation of petitioner’s

liberty. Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondent provides no argument to the contrary and does not contend that petitioner is a flight risk or danger to the community. Further, respondent states that if the Court grants the petition, the appropriate relief would be an order directing that respondent release petitioner from detention. Docket No. 8 at 1-2. Thus, the Court will grant the habeas petition on the basis of petitioner's due process claim and order petitioner's release.[3]

## III. CONCLUSION

Therefore, it is

---

[3] Because the Court will order petitioner's release on his due process claim, the Court does not reach petitioner's second claim. *See* Docket No. 1 at 5.

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody. It is further

**ORDERED** that the Emergency Motion for Expedited Consideration and Appropriate Interim Relief [Docket No. 3] is **DENIED as moot.**

DATED November 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge